**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN  DIVISION**

BRIAN CLAY, ADC #119898,        *

                     *

          Plaintiff,    *

v.                      *

                     *      No. 5:16-cv-00156-JJV

SHERMAINE TROTTER,      *

                     *

          Defendant.   *

## MEMORANDUM AND ORDER

Plaintiff, Brian Clay, is incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), and filed this action *pro se* pursuant to 42 U.S.C. § 1983. Defendant has filed a Motion to Dismiss, saying Plaintiff fails to state a claim upon which relief may be granted.  (Doc. No. 6.)  Plaintiff has not responded to the Motion to Dismiss, but filed a Motion to Amend.  (Doc. No. 10.)

**I.**    **MOTION TO DISMISS**

The applicable standard of review on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as for a motion to dismiss under Rule 12(b)(6). *See Shaw v. Rolex Watch U.S.A., Inc.,* 745 F. Supp. 982, 984 (S.D.N.Y.1990).  That is, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level.  *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

**II.**    **ANALYSIS**

Defendant Trotter states that, taking Plaintiff's allegations at face value, they fail to state a

claim of constitutional deliberate indifference to a serious medical need. (Doc. No. 7.) She notes that according to his Complaint, Plaintiff failed to suffer any requisite injury. (*Id*. at 7.) She further states Plaintiff's monetary claims against her in her official capacity are barred by sovereign immunity (*Id.* at 8-9), and she is entitled to qualified immunity (*Id.* at 9-12).

## A.     Official Capacity Claims

Defendant Trotter argues that Plaintiff's official capacity claims for monetary damages are barred by the doctrine of sovereign immunity. The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for monetary damages from Defendant in her official capacity are, therefore, barred and should be DISMISSED.

## B.     Qualified Immunity

Defendant Trotter seeks dismissal based on qualified immunity. Qualified immunity shields *government officials* performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity

is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Looking to the first prong of the analysis, I find that Mr. Clay fails to show a constitutional violation. Mr. Clay says that on January 27, 2016, he started experiencing symptoms of his hypoglycemia. (Doc. No. 2 at 2.) He entered the infirmary, explained his condition, and Officer

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

Trotter asked Plaintiff why he did not go to "pill call." (*Id.* at 3.) Plaintiff further explained his condition and why that was not possible and Officer Trotter walked off saying, "You inmates think that ya'll [*sic*] can just come to the infirmary anytime ya'll [*sic.*] get read and I'm getting tired of this shit." (*Id.*) Officer Trotter apparently acted as if she spoke with medical personnel but in reality did not. (*Id.*) Officer Trotter then instructed Plaintiff to leave the infirmary "in a very rude, malicious, and sadistically [*sic.*] attitude and that [he] should have come to pill call." (*Id.*) Plaintiff says the result was "exposing [him] to undue suffering from an hypoglycemia episode or the threat of tangible residual injury." (*Id.*)

Considering Plaintiff's allegations to be true as alleged, I find he fails to state a claim upon which relief may be granted. A § 1983 action is a type of tort claim. Accordingly, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253–55 (1978). And Plaintiff's claims – that Defendant Trotter was deliberately indifferent to his serious medical needs – require a compensable injury to be greater than *de minimis*. *Cummings v. Malone*, 995 F.2d 817, 822–23 (8th Cir.1993); *see Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir.1996). Here, Plaintiff's Complaint establishes that, at most, he suffered a *de minimis* injury as a result of Officer Trotter's unwillingness to ensure he received proper medical care for his diabetic hypoglycemia. Therefore, his Complaint should be dismissed.

There is no doubt, from a practical standpoint, that Mr. Clay feels wronged. I do not take lightly his need for medical treatment when he experiences episodes of hypoglycemia. However, these events simply fail to rise to the level of a constitutional violation.

## III.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Defendant's Motion to Dismiss (Doc. No. 6) is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

SO ORDERED this 27th day of July, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE